Dear Mr. Rozas:
Pursuant to your recent correspondence, you have requested the opinion of Attorney General Richard P. Ieyoub regarding sales tax information gathered by the Evangeline Sales and Use Tax Commission in connection with the performance of its duties. Specifically, you have asked that we address the following question:
 "May the Sales Tax Commission (being the duly authorized collector of sales tax for the varying taxing jurisdictions, i.e., cities and parish) furnish, to said cities, information from tax returns of individuals and/or corporate entities to aid cities in the calculation of their occupational license taxes, or [is said] information otherwise privileged or confidential."
Our research has revealed the following pertinent provisions of law:
LSA-R.S. 47:1508(A)(1), regarding the confidential character of tax records, provides in pertinent part:
 "Except as otherwise provided by law, the records and files of the secretary of the Department of Revenue and Taxation or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state." (Emphasis added)
LSA-R.S. 47:1508(A)(2) provides:
 "No person shall divulge or disclose any information obtained from any examination or inspection of the premises or property of any person in connection with the enforcement of the tax laws of this state or a political subdivision of this state except to the taxing jurisdiction of his employment or, in the case of an already existing independent contractor arrangement, to the contracting taxing jurisdiction."
Additionally, LSA-R.S. 47:1508(B)(14) provides:
"B. Nothing herein contained shall be construed to prevent:
 (14) A sales and use tax commission contracting with a political subdivision for the collection of taxes from disclosing to the internal auditor of the political subdivision, or any members of his staff designated by the auditor, those papers, books, documents, including tax returns and tax return information, films, tapes, and any other forms of recordation, including but not limited to computers and recording devices which the internal auditor deems necessary for the purpose of making an examination of the books and accounts of the sales and use tax commission. Any information so furnished shall be considered confidential and privileged by the internal auditor, and members of his staff, to the same extent as heretofore provided." (Emphasis added)
LSA-R.S. 47:349(B)(1), contained within the general statutory provisions applicable to occupational license taxes, provides in pertinent part:
 "Except as otherwise provided by law, the records and files of the collector or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state." (Emphasis added)
As I am sure you are aware, the majority of these provisions were enacted prior to the enactment of La. Const. (1974) Art. VII, Sec. 3, which constitutional provision required that all sales and use taxes collected within a parish be collected by a single collector. As such, it is our opinion that these provisions did not specifically contemplate the `Central Collection Commission' scheme set forth in LSA-R.S. 33:2844.1. However, we do note that the above quoted provisions, particularly the emphasized portion of LSA-R.S.47:1508(A)(1), contemplate that the confidentiality of such records is not violated when the information contained in such records is "disclosed . . . in the administration and enforcement of the tax laws . . . of a political subdivision."
In Testa Distributing Co., Inc. v. Tarver, 584 So.2d 300
(La.App. 1 Cir. 1991), the First Circuit had occasion to examine pertinent language of LSA-R.S. 47:1508 as applied to the Secretary of the Department of Revenue and Taxation. The Court held:
 "The meaning of `in the administration and enforcement of the tax laws of this state' is clear and unambiguous when the terms are given their usual significance and the phrase is considered in pari materia with other laws in this area. La. R.S. 1:3; La.C.C. arts. 11 and 13. Administration is defined as the act of managing or supervising the execution, use, or conduct of. Webster's Ninth New Collegiate Dictionary 57 (1984). Enforcement is defined as the act of putting something such as a law into effect; the carrying out of a mandate or command. Black's Law Dictionary 474 (5th ed. 1979). La. R.S. 47:1502 states that the Secretary shall collect and enforce the collection of all taxes, penalties, interest and other charges that may be due under the provisions of Sub-title II of this title and administer the legislative mandates therein contained. Thus, the Secretary is empowered by law with the enforcement and administration of the tax laws of this state . . ."
You have advised that the Sales and Use Tax Commission is contemplating making this information available to the political subdivisions on behalf of whom it collects taxes, in order that the political subdivisions can utilize such information in the calculation of occupational license taxes. In our opinion the use of such information for purposes of the calculation of occupational license taxes is a use of the information "in the administration and enforcement of the tax laws . . . of a political subdivision".
It is therefore our opinion that a disclosure to a particular political subdivision, of the information contained in the individual sales and use tax returns filed in accordance with the laws and ordinances of that political subdivision so that the political subdivision can utilize the information in the administration and enforcement of its occupational license tax laws is authorized by, and not a violation of, LSA-R.S.47:1508 or any of the above quoted statutory provisions.
We are aware of the criminal provisions contained in LSA-R.S. 47:1508.1 relative to unauthorized disclosure, and therefore, understand the hesitancy of entities such as the Evangeline Sales and Use Tax Commission to disclose such information. As such, notwithstanding our opinion in this regard, we suggest the Sales and Use Tax Commission seek legislative clarification of LSA-R.S. 47:1508, particularly as it relates to Central Collection Commissions, in the next legislative session.
Trusting this adequately responds to your request, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0308n